**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0974-17T3

TAYLOR L. GURNEY,

      Plaintiff-Respondent,

  v.

CHRISTOPHER J. PETERSON,

      Defendant-Appellant.

_____

      Submitted October 5, 2017 — Decided October 26, 2017

      Before Judges Fisher and Sumners.

      On appeal from the Superior Court of New
      Jersey, Chancery Division, Family Part, Bergen
      County, Docket No. FD-02-0181-17.

      Geist Law LLC, attorneys for appellant (Jared
      A. Geist, on the brief).

      Landel, Bernstein & Kalosieh, LLP, attorneys
      for respondent (Thomas S. Garlick, on the
      brief).

PER CURIAM

    Defendant moved for a change of venue in this family court

matter; by rule, such a motion must be heard by either the

vicinage's assignment judge, the presiding judge of the family

part, or the assignment judge's designee. R. 4:3-3(a). Defendant's motion, however, was adjudicated through the implementation of a procedure not contemplated by that rule or any other rule of which we are aware.

At the outset of the hearing on the return date, the motion judge announced he had been directed by the assignment judge to hear oral argument, after which he (the motion judge) would "make a recommendation to the Assignment Judge and/or [sic] the Presiding Judge." Consistent with that direction, the motion judge stated at the conclusion of the parties' arguments, that he would "make a recommendation" to the assignment judge or presiding judge.

The record on appeal reveals that on August 31, 2017, a few days after the return date, the presiding judge entered an order denying the motion to change venue. His rationale for denying the motion — stated only in conclusory terms — memorializes his consideration of the parties' written and oral arguments and the motion judge's "recommendation submitted after the oral argument." The motion judge's recommendation is not contained in the record; indeed, for all we know it may have been conveyed orally and there may be no record of it at all. But, most importantly, the parties appear not to have been made aware of the content of the recommendation. Consequently, we too are in the dark as to what it was that the motion judge recommended.

2

All that, however, hardly matters. What matters is that the procedure adopted here was unauthorized and is, therefore, unacceptable. Our rules do not contemplate a process by which one judge reviews the motion papers and hears counsel's argument, and then provides another judge with a recommendation as to how to rule. Judges must decide matters by personally participating in the proceeding without the recommendation or involvement of another. Even if it could be said the ultimate disposition of the venue motion was legally sound — a question we do not reach — we have been compelled to intervene because the procedure followed here was fundamentally flawed. "[J]ustice must satisfy the appearance of justice." Offutt v. United States, 348 U.S. 11, 14, 75 S. Ct. 11, 13, 99 L. Ed. 11, 16 (1954). Utilization of unauthorized, ad hoc procedures tends to shake the public's confidence in the ability of our courts to fairly administer the law. See State v. Deutsch, 34 N.J. 190, 206 (1961) (expressing that it is "vital that justice be administered not only with a balance that is clear and true but also with such eminently fair procedures that the litigants and the public will always have confidence that it is being so administered").

Consequently, we grant defendant's motion for leave to appeal, summarily vacate the order under review, and remand for the motion's rehearing. Because the presiding judge's further

consideration of the matter has been tainted by the impermissible manner in which the motion was decided, we direct that the motion be heard and considered by the vicinage's assignment judge or the assignment judge's designee.[1] We ask that the motion be decided as expeditiously as practicable.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] In opposing this motion for leave to appeal, plaintiff claims there was no error because the assignment judge was authorized by Rule 4:3-3(a) to designate any judge to hear and decide the motion. That is certainly true, but that's not what happened. The assignment judge didn't designate the motion judge to rule on the venue motion; she only designated him to hear the motion and then provide a recommendation to another judge.

A-0974-17T3